## Richmond

KATHERINE HOLLOWAY, AN INFANT, ETC. v. AMBROSE R. MOORE, JR.

VAUGHN HOLLOWAY v. AMBROSE R. MOORE, JR.

April 28, 1969.

Record Nos. 6865, 6866.

Present, Eggleston, C.J., and Buchanan, I'Anson, Carrico, Gordon and Harrison, JJ.

*Sidney L. Jacobson* (*Amato, Babalas, Breit, Cohen, Rutter & Friedman*, on brief), for plaintiffs in error in Record Nos. 6865 and 6866.

*James N. Garrett, Jr.* (*Garrett, Garrett & Garrett*, on brief), for defendant in error in Record Nos. 6865 and 6866.

CARRICO, J., delivered the opinion of the court.

The infant plaintiff, Katherine Holloway, by her father, Vaughn Holloway, filed a motion for judgment against the defendant, Ambrose R. Moore, Jr. The motion sought recovery of damages for personal injuries allegedly sustained by the infant plaintiff when the automobile in which she was a passenger collided with a vehicle being operated by the defendant.

In a separate motion for judgment filed against the defendant, the infant plaintiff's father, Vaughn Holloway, sought recovery of the medical expenses incurred in connection with the care and treatment of his daughter's injuries.

The two actions were consolidated and were tried together before a jury. In separate verdicts, the jury found in favor of the defendant. Final judgments were entered on the verdicts, and the plaintiffs were granted writs of error.

The evidence, stated in the light most favorable to the defendant, showed that the collision in which the infant plaintiff was injured occurred at approximately 11:30 p.m. on December 24, 1964, at the intersection of George Washington Highway and Victory Boulevard in the city of Portsmouth. It was raining at the time of the accident, and the road surfaces were wet.

George Washington Highway runs north and south, and Victory Boulevard runs east and west. The junction of the two roads forms a right-angle intersection. George Washington Highway consists of four lanes, two for northbound traffic and two for southbound. At the intersection, each of the inside lanes of George Washington Highway is marked "Left Turn Only" by lettering on the pavement. Overhead traffic lights control the flow of traffic at the intersection.

The infant plaintiff was a passenger in an automobile being operated by Hugh Arnold Ashley. The Ashley vehicle occupied the inside southbound lane of George Washington Highway as it approached the intersection. The defendant was operating his automobile in the inside northbound lane of the same highway and had activated his left turn signal preparatory to turning left on Victory Boulevard. The traffic signals were green for each vehicle.

The defendant entered the intersection and was in the process of making his left turn when his automobile was struck on the right rear side by the right front of the Ashley car. The latter vehicle had not turned to its left, but had traveled straight into the intersection in the inside southbound lane.

The defendant testified that he had proceeded to make his left turn because he assumed the Ashley vehicle would also turn to its left since it was in "the left-turn-only lane."

The sole question to be decided is whether the trial court erred in granting, at the request of the defendant, Instruction A, which was worded as follows:

> "The court instructs the jury that if you believe from a preponderance of the evidence that the motor vehicle in which the plaintiff was riding occupied the inside southbound lane of George Washington Highway as it entered the intersection of said Highway and Victory Boulevard and if you further believe that said

lane was marked with traffic signs indicating left turn only, then it was the duty of the driver of the vehicle in which the plaintiff was riding to turn to the left and *the defendant had a right to assume that the driver of the vehicle in which the plaintiff was riding would turn to the left until the defendant knew or should have known to the contrary*, and if the driver of the vehicle in which the plaintiff was riding failed to execute a left turn, but instead continued to go straight through the intersection aforesaid, then the driver of the vehicle in which the plaintiff was riding was negligent, and if you further believe that such negligence was the sole proximate cause of the accident, then you should find your verdict in favor of the defendant." [Italics supplied.]

Although the plaintiffs now raise a number of objections to the instruction, their sole complaint in the trial court was directed to the italicized language, which related to the defendant's purported right to assume that the Ashley vehicle would turn to the left. The plaintiffs' objection in the trial court, which is all we will notice, was that there was no evidence to show that the defendant knew at the time of the accident that the traffic lane occupied by the Ashley vehicle was marked "Left Turn Only."

In support of their position, the plaintiffs rely upon a statement made by the defendant during the course of cross-examination. The defendant was asked by the plaintiffs' counsel how he knew of the markings he had described earlier in his testimony. He replied, "Because I was back there the next day."

From this, the plaintiffs say, "One cannot rely on traffic controls that he does not observe at the time in question." It was error, therefore, the plaintiffs argue, to instruct the jury that the defendant had the right to assume that the driver of the Ashley vehicle would respect such traffic controls.

However, on re-direct examination, the defendant testified that he had lived in the area where the accident occurred "the biggest part" of his life and had "been through that intersection . . . numerous times." He was asked how long the "Left Turn Only" marking had existed in the traffic lane occupied by the Ashley vehicle. He replied, "It's been there as long as I can remember."

Thus, there was evidence supporting the proposition that the defendant knew at the time of the accident that use of the traffic lane occupied by the Ashley vehicle was restricted to "Left Turn Only."

That being so, there is no merit to the plaintiffs' contention that Instruction A should not have been granted because of the lack of such evidence. While we do not hold that the instruction otherwise properly stated the law, we cannot say that it was error to grant it in this case in view of the limited objection advanced against it in the trial court by the plaintiffs.

The judgments of the trial court will be affirmed.

*Affirmed.*